

**SO ORDERED.**

**SIGNED this 22nd day of May, 2009.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| GANDI INNOVATIONS HOLDING, LLC | 09-51782 |
| *DEBTOR* | CHAPTER 15 |
| | |
| IN RE | BANKR. CASE NO. |
| GANDI INNOVATIONS, LLC | 09-51783 |
| *DEBTOR* | CHAPTER 15 |
| | |
| IN RE | BANKR. CASE NO. |
| GANDI INNOVATIONS LIMITED | 09-51784 |
| *DEBTOR* | CHAPTER 15 (JOINT ADMINISTRATION PENDING) |

**ORDER GRANTING JOINT MOTION TO CONTINUE HEARINGS ON PETITIONS FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE AND *SUA SPONTE* ORDERS (A) CONTINUING HEARING ON MOTION FOR JOINT ADMINISTRATION AND (B) SETTING FILING DEADLINES FOR THE PETITIONS FOR RECOGNITION**

CAME ON for consideration the foregoing matter. On May 14, 2009, each of the above-captioned debtors (collectively, the "Debtors") filed a petition for recognition under Chapter 15 of the Bankruptcy Code (the "Chapter 15 Petitions").[1] On May 15, 2009, the court held an emergency preliminary hearing and granted relief pursuant to section 1519, staying all litigation and arbitration matters pending in the United States against the Debtors pending the court's consideration of the petition for recognition. The court set a hearing on the petition for recognition for May 27, 2009. On May 22, 2009, the Debtors and the Foreign Representative (being the Monitor appointed by the Ontario Superior Court of Justice, Commercial Division, in proceedings involving these debtors opened under the Companies' Creditors Arrangement Act) filed their Joint Motion To Continue Hearings On Petitions For Recognition As A Foreign Main Proceeding Under Chapter 15 Of the United States Bankruptcy Code (the "Motion to Continue"). After due consideration of the Motion to Continue, it is hereby

**ORDERED**, that the Motion to Continue is **GRANTED**. The petitions for recognition are reset to Friday, June 5, 2009 (the "Hearing") at 9:30 AM (CDT) before the Hon. Leif M. Clark in the United States Bankruptcy Court for the Western District of Texas, Courtroom No. 1, 3rd Floor, H.F. Garcia Federal Building and U.S. Courthouse, 615 E. Houston Street, San Antonio, Texas. The court notes that it is required to make a separate recognition determination as to each of the Debtors. The court will be make determine, as to each debtor, whether the foreign proceedings are main or non-main proceedings (or neither). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd. et. al.*, 389 B.R. 325 (S.D.N.Y. 2008). The findings of the Canadian justice with

---

[1] The petition requests recognition as a foreign main proceeding. However, the court has the independent duty to determine whether the foreign proceeding is a main or a non-main proceeding – or neither. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd. et. al.*, 389 B.R. 325 (S.D.N.Y. 2008). Until such time as the court considers the evidence presented and rules thereon, it is premature to describe the foreign proceeding as anything more at this stage than "the foreign proceeding."

regard to whether the proceedings in Canada are main or non-main proceedings within the meaning of chapter 15 of title 11, will be relevant but they are not dispositive on the issue;[2] and it is further

**ORDERED**, that the Debtors' Motion To Jointly Administer Chapter 15 Bankruptcy Cases (the "Motion for Joint Administration") [Docket No. 14], which was originally scheduled to be heard on May 27, 2009 [Docket No. 22], will also be reset to June 5, 2009 at the place and time provided in the previous paragraph; and it is further

**ORDERED**, that the Monitor shall be responsible for notice to the necessary parties as set forth in Rule 2002(q) of the Federal Rules of Bankruptcy Procedure. Said notice should advise all said parties of the date, time and location of the hearing for both sets of matters. The notice should further provide for a "call in" number, such that interested parties may participate by telephone in the proceeding (though testimony may not be presented by telephone absent the express approval of this court, obtained after due notice to other parties according said parties an opportunity to be heard with regard to the taking of testimony in that format). It is further

**ORDERED**, that all affidavits in support of the Chapter 15 Petitions shall be filed, *with a hard copy to chambers*, no later than Wednesday, May 27, 2009 at 5:00 PM CDT. Although the court may take live testimony in support of the Chapter 15 Petitions at the Hearing, no witness (other than rebuttal witnesses) may testify unless a timely affidavit containing their testimony is filed. The Monitor shall be responsible for assuring that a copy of any filed affidavits be furnished to any persons outside the United States who may not have access to the court's electronic case filing system. It is further

**ORDERED**, that all affidavits in opposition to the Chapter 15 Petitions shall be filed, *with*

---

[2] This is so because the Model Law on Cross-Border Insolvency, enacted in the United States as Chapter 15 of title 11, places the task of determining whether a given insolvency proceeding is a main or a non-main proceeding not on the initiating court (as is done under the European Convention Regulation on Insolvency), but on the receiving court. *See In re Bear Stearns, supra*.

*a hard copy to chambers*, by no later than Monday, June 1, 2009 at 5:00 PM CDT. The foregoing limitations on the presentation of live testimony apply with respect to testimony that may be offered in opposition as well.

# # #