

**SO ORDERED.**

**SIGNED this 05th day of June, 2009.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 09-51782-C |
| GANDI INNOVATIONS HOLDINGS, | § | Case No. 09-51783-C |
| LLC., GANDI INNOVATIONS, LLC, | § | Case No. 09-51784-C |
| AND GANDI INNOVATIONS | § | |
| LIMITED, | § | CHAPTER 15 |
| DEBTORS. | § | (Jointly Administered Under Case No. 09-51782-C) |

### ORDER RECOGNIZING
### FOREIGN PROCEEDING PURSUANT TO CHAPTER 15

THIS MATTER having come before the Court upon the application of BDO Dunwoody Limited as the Monitor and authorized foreign representative appointed in the proceedings of Gandi Innovations Limited, Gandi Innovations, LLC, and Gandi Innovations Holdings, LLC (collectively the "Debtors" or "Gandi Group") in a proceeding commenced on May 8, 2009 under Court No. 09-CL-8172 (the "CCAA Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, C. C-36, as amended (the "CCAA") in the Ontario Superior Court of Justice [Commercial List] Canada (the "Ontario Court") and having presented to this Court, by and through their counsel of

{L & B 02610/0012/L0352488.DOC}

record, Harry Perrin, of the Firm of Vinson & Elkins, as joined by the Gandi Group, by and through their counsel of record, David S. Gragg, of the Firm of Langley & Banack, Inc., for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521, recognizing the CCAA Proceeding as a foreign main proceeding (the "Application"); and seeking enforcement pursuant to sections 1507, 1520, 1521 and 105(a) of the Code of that certain Initial Order dated May 8, 2009 (the "CCAA Order") the Court having considered the Declaration of Trent Garmoe and the Affidavit Blair Davidson filed in support of the Application and the Chapter 15 Petitions, as well as the pleadings and other materials on file in this case; and the Court finding that the CCAA Proceeding is a foreign proceeding entitled to recognition under Chapter 15 of the Code (as defined below); the Court makes the following findings of fact and conclusions of law (subject to further elaboration by way of memorandum decision):

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Section 1501 of the Code;

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

    C.    Venue is properly located in this District pursuant to 28 U.S.C. § 1440;

    D.    These Chapter 15 cases were duly commenced pursuant to §§ 1504 and 1515 of the United States Bankruptcy Code (the "Code") and the petitions on file together with the attachments thereto with respect to each of these cases meet all the requirements of § 1515 of the Code;

    E.    The CCAA Proceeding is a "foreign proceeding" within the meaning of §101(23) of the Code;

    F.    The Monitor is a person within the meaning of Section 101(41) of the Code and is a duly appointed "foreign representative" within the meaning of § 101(24) of the Code;

G. Gandi Innovations Limited is a foreign main proceeding within the meaning of § 1502(4), with virtually all of its operations, employees, assets, managers, bank accounts, and major creditors in Canada. Its center of main interest is Canada. Gandi Innovations Holdings, LLC is a holding company incorporated in the United States, but whose principal assets (primarily stock certificates and a banking account) and managers are located in the Province of Ontario, Canada. Its center of main interests is Canada. Gandi Innovations Holdings, LLC is a foreign main proceeding.

H. Gandi Innovations LLC is an operating company with assets, employees, and operations in both the State of Texas, United States, and in the Province of Ontario, Canada. It is a free-standing corporation with both employees and local managers in Texas, and collects accounts receivable from its customers at its San Antonio location. However, it does not manufacture what it distributes. Indeed, marketing and accounting, as well as distribution, take place in the Province of Ontario. Senior management for Gandi Innovations LLC is (or has within the six months prior to these petitions has been) located in the Province of Ontario, Canada. There are significant intercompany accounts between Gandi Innovations LLC and Gandi Innovations Limited. In addition, Gandi Innovations LLC is a guarantor of the indebtedness that has been the source of working capital for the entire Gandi Group. While the evidence regarding center of main interest is mixed, the court finds that the "nerve center" for the Gandi Group is within the Province of Ontario, Canada. As a matter of comity, and in the interests of fulfilling the stated purpose of chapter 15 as set out in section 1501, the court concludes that, in these circumstances, the court should find that the center of main interests for Gandi Innovations LLC should be Canada. The court so finds. Gandi Innovations LLC is a foreign main proceeding;

I. As the duly appointed foreign representative of a foreign main proceeding, the

Monitor is entitled to all of the relief provided under § 1520 of the Code;

J. The Monitor has tacitly sought relief pursuant to § 1521 of the Code as well, in asking that this court adopt as its own order the Initial Order entered in the CCAA proceeding. The court finds that it is necessary to effectuate the purposes of this chapter and to protect the assets of the debtor and the interests of creditors by granting appropriate relief in the form of the adoption of the Initial Order in the CCAA proceedings, as further amended by that court's order of May 19, 2009, as the order of this court.; and

K. Notice of these proceedings has been sufficient and proper under the circumstances and satisfies the requirements of Fed. R. Bankr. P. 2002 (q). No further notice is required or necessary.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Application is granted;

2. This Court recognizes the CCAA Proceeding as a foreign main proceeding pursuant to Chapter 15 as to each of the Debtors in the Gandi Group;

3. Except as herein provided, the provisions of Section 1520 of the Code apply in these Chapter 15 Cases, including without limitation, the automatic stay under Section 362 of the Code, throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

4. The CCAA Order (and any further amendments or extensions thereof as may be granted from time to time by the Ontario Court) is hereby given full force and effect in the United States. Accordingly, the Monitor and the Debtors may operate the Debtors' business as provided in the CCAA Order and Section 363 of the Code.

5. Pursuant to § 1521(a)(6) of the Code, the provisions of this Court's Interim Order

Granting Emergency Relief in this Case prohibiting the termination of executory contracts with the Debtors shall remain in place and shall be to the same extent as provided in the CCAA Order. Any party wishing to terminate, modify, alter, or interfere with any executory contract with a Debtor in the United States, for any reason, must bring an action or proceeding for such relief in the CCAA Proceeding prior to taking any action with respect to such contract(s).

6. The Debtors are hereby authorized to continue using cash collateral in the exercise of their powers and subject to the terms of the CCAA Order.

7. The Monitor shall have the same powers in the United States with respect to performance of its duties under the CCAA Order as the Monitor has in the CCAA Proceeding, including but not limited to the right to access to the Property, books, records and employees of the Debtors; the authority to compel production of Debtors' books and records and the examination of any person pursuant to Bankruptcy Rule 2004; to monitor the Debtors' receipts and expenses, and to perform such other duties as required by the Court in the CCAA Proceeding; and

8. The Debtors shall cooperate fully with the Monitor with respect to the rights and duties of the Monitor under this Order and as the recognized foreign representative with respect to the CCAA Proceeding recognized by this Court as a foreign main proceeding.

9. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by any entity for relief from this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

# # #

Submitted by:

Harry Perrin

{L & B 02610/0012/L0352488.DOC}

5

John E. West
Vinson & Elkins L.L.P.
2500 First City Tower
1001 Fannin Street.
Houston, Texas 77002-6760
Telephone: (713) 758-2222
ATTORNEYS FOR THE MONITOR

David S. Gragg
Langley & Banack, Inc.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: (210) 736-6600
ATTORNEYS FOR THE DEBTORS

@PFDesktop\::ODMA/WORLDOX/W:/LBCLIENT/02610/0012/L0351948.WPD